```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
           JACKSON DIVISION
```

**EDDIE WATKINS**                                                **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:08-cv-746-WHB-LRA**

**UNITED STATES OF AMERICA**                                     **DEFENDANT**


## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, the United States of America ("Government"), to Dismiss, which is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff, Eddie Watkins ("Watkins"), who is proceeding *pro se*, did not respond to the Motion.[1] Having considered the Motion, the attachments thereto, the other pleadings in the case, as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted, and that the above referenced lawsuit should be dismissed without prejudice.

### I. Factual Background and Procedural History

The record shows that on October 30, 2008, Watkins filed a *pro se* Complaint against Michael M. Majors ("Majors") in the Circuit Court for the First Judicial District of Hinds County, Mississippi.

---

[1] As Watkins is proceeding in this case *pro se*, the allegations in his Complaint have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

According to the Complaint, Majors had been appointed to represent Watkins on a state law manslaughter charge. Watkins contends, among other things, that Majors failed to represent him adequately by: (1) failing to fully investigate and/or obtain statements from witnesses regarding the incident underlying the manslaughter charge; (2) failing to obtain evidence or offer arguments to mitigate the manslaughter charge; (3) failing to raise all available defenses to the manslaughter charge; and (4) failing to seek a reduction in his sentence. Watkins also alleges that his case was abandoned for approximately eight months because Majors had left the county. Based on these allegations, Watkins has filed claims of negligence, gross negligence, legal malpractice, and ineffective assistance of counsel.

The case was removed to this Court pursuant to 28 U.S.C. § 1442 (federal officer removal) and/or 28 U.S.C. § 1442a (armed forces removal) on the bases of federal jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1346 (suit against federal government jurisdiction). In support of removal, Majors, who is an officer in the Mississippi National Guard, claimed that he had been deployed and was serving as a member of the United States forces in Bosnia during the eight-month period of "abandonment" alleged in the Complaint. After the case was removed, the United States Attorney for the Southern District of Mississippi ("U.S. Attorney") filed a Notice of Substitution

2

pursuant to 28 U.S.C. § 2679 seeking to have the Government substituted as the defendant in the case. <u>See</u> Docket No. 4. Attached to the Notice of Substitution is a "Certification" certifying that Majors "was acting within the scope of his employment with the Federal Government at the time of the incident out of which the aforesaid civil suit arose." <u>Id.</u> Ex. A. Watkins did not challenge either the Notice of Substitution or the U.S. Attorney's Certification. On January 29, 2009, United States Magistrate Judge Linda R. Anderson entered an Order by which the Government was substituted as the defendant in this case. Based on the arguments in the Notice of Removal and the post-removal Notice of Substitution, the Court finds the case was properly removed to federal court.

The Government has now moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that the Court lacks jurisdiction to consider Watkins's claims because of his failure to exhaust administrative remedies.

**II. Discussion**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges whether the federal court can exercise subject matter jurisdiction. Federal courts, because they are courts of limited jurisdiction, lack the power to adjudicate claims absent statutory or constitutional authority. <u>See</u> <u>Stockman</u>

3

v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). See also Home Builders Assoc., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998). A motion to dismiss pursuant to Rule 12(b)(1) should only be granted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Id. (citing Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992)).

As discussed above, the Government has been substituted as the defendant in this case pursuant to 28 U.S.C. § 2679. Under the Federal Torts Claims Act ("FTCA"), the Government may be sued for personal injuries resulting from the negligent or wrongful acts of its employees. See 28 U.S.C. § 2679. A plaintiff, however, cannot proceed on a FTCA claim unless he "first presented the claim to the appropriate Federal agency and his claim [was] finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The requirement that a plaintiff first exhaust his administrative remedies is a jurisdictional prerequisite to filing a FTCA claim. See Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981)("The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA."). Thus, if a plaintiff files a FTCA claim in federal court prior to exhausting his administrative remedies, the court does not have subject matter jurisdiction to hear that claim. Id. at 204. See also McAfee v. 5th Circuit

4

Judges, 884 F.2d 221, 222-23 (5th Cir. 1989) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement the district court was without jurisdiction" to consider such claims).

In the present case, Watkins has not presented any evidence to show that he exhausted his administrative remedies as required under 28 U.S.C. § 2675(a). Additionally, according to the Government, a search of the records of the Department of the Army and the Mississippi Army National Guard reveals that Watkins did not file an administrative claim with either of those agencies. See Mot. to Dismiss, Ex. A (Alderman Declaration), at ¶¶ 2, 4-6. As there has been no showing that Watkins filed an administrative claim with the appropriate federal agency, the Court finds that he has failed to show that he exhausted his administrative remedies with regard to the claims alleged against the Government in this case. Further, as Watkins's administrative remedies have not been exhausted, this Court lacks subject matter jurisdiction to consider the merits of his FTCA claims. Accordingly, the Court finds that the Motion of the Government to Dismiss should be granted, and that this case should be dismissed without prejudice for lack of jurisdiction.[2]

---

[2] A "plaintiff whose case is dismissed without prejudice for failure to exhaust administrative remedies may file an administrative claim within 60 days following dismissal." See McLaurin v. United States, 392 F.3d 774, 782 (5th Cir. 2004). (citing 28 U.S.C. § 2679(d)(5)(A)-(B)).

5

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of the Government to Dismiss [Docket No. 5] is hereby granted.  An Order of Dismissal dismissing this case without prejudice shall be entered this day.

SO ORDERED this the 10th day of March, 2009.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE
